UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| 3LI CONSULTANT GROUP, | : | Case No. 1:15-cv-455 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CATHOLIC HEALTH PARTNERS, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 9)**

This civil action is before the Court on Defendant's motion for judgment on the pleadings (Doc. 9) and the parties' responsive memoranda (Docs. 13, 14, 15). Specifically, Defendant maintains that Plaintiff's claims should be dismissed because the Court lacks subject matter jurisdiction.[1]

## I. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

---

[1] Plaintiff alleges breach of contract and tortious interference with contract. (*See* Doc. 1).

## II.     ANALYSIS

Defendant argues that Plaintiff's Complaint does not sufficiently plead diversity jurisdiction.

"Federal courts have 'original jurisdiction of all civil actions … between citizens of different States' when the amount in controversy exceeds $75,000." *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013) (quoting 28 U.S.C. § 1332(a)(1)).  However, "[c]omplete diversity between all plaintiffs and all defendants is required; no plaintiff can be the citizen of the same State as any defendant." *Id.* (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  "State citizenship, for purposes of diversity jurisdiction, is not a matter of residency but of domicile." *Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 931 (S.D. Ohio 2006).  Domicile is determined by one's physical presence in a state, coupled with "either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).[2]  Any claims based on diversity jurisdiction that do not enjoy complete diversity of the parties must be dismissed.  *See, e.g., King v. Brown-Mackie College*, No. 5:07cv1495, 2007 U.S. Dist. LEXIS 57090, at *8 (N.D. Ohio Aug. 6, 2007).

Plaintiff 3LI is a Limited Liability Company which "has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir.

---

[2] *See also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

2009). However, the Compliant fails to allege the citizenship of its members and thus fails to evidence diversity of citizenship. Plaintiff admits that it failed to properly allege jurisdiction in its Complaint, but now states that:

> From 2006 to August 4, 2009, 3LI was a sole proprietorship owned by Larry Laymon. From August 4, 2009 to August 8, 2010, 3LI was registered with the State of Tennessee as a Limited Liability Company. During the time 3LI was an LLC, the only two members were Mr. Laymon and his wife, Erma Laymon. From August 8, 2010 to present, 3LI has been a sole proprietorship owned by Larry Laymon. At all times from 2006 to present, Mr. Laymon and his wife have resided and been domiciled in the state of Tennessee, with no intention to make their home elsewhere.

(Doc. 15 at 1-2; Ex. 1 at ¶¶ 1-7).

Since the Plaintiff is domiciled in Tennessee,[3] and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction. Still, Plaintiff's Complaint fails to properly allege jurisdiction and must be amended forthwith.[4]

### III. CONCLUSION

Accordingly, for these reasons, Defendant's motion for judgment on the pleadings (Doc. 9) is **DENIED**. Plaintiff shall file an Amended Complaint forthwith.

---

[3] Defendant Catholic Health Partners is domiciled in Ohio. (Doc. 1 at ¶ 2).

[4] "Amendment to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting Section 1653 to avoid dismissal on technical grounds." *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974). While the deadline for filing motions to amend passed on September 16, 2015, the Defendant was privy to the defective Complaint when it was filed on July 10, 2015, yet waited until December 16, 2015 to file a motion for judgment on the pleadings. (*See* Docs. 1 and 9). Accordingly, there is no evidence that Defendant will be prejudiced by the amendment.

**IT IS SO ORDERED**.

Date:  1/21/16                                                                                          *s/ Timothy S. Black*
                                                                                                              Timothy S. Black
                                                                                                              United States District Judge