UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| 3LI CONSULTANT GROUP, | : | Case No. 1:15-cv-455 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CATHOLIC HEALTH PARTNERS, | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Doc. 25)**

This civil action is before the Court on Defendant's motion for summary judgment (Doc. 25) and the parties' responsive memoranda (Docs. 27, 28).

## I.  BACKGROUND FACTS

The parties allegedly entered into a contract for Plaintiff to perform consulting work for the Defendant.  Subsequently, Plaintiff raised concerns that is was being paid a low rate and that Defendant was submitting payments late.  As a result of Plaintiff's concerns, the parties allegedly renegotiated their contract.  However, Plaintiff maintains that Defendant failed to employ Plaintiff's consulting services as promised.  Accordingly, Plaintiff brought this action alleging claims for: (1) breach of the "first contract" dating to 2007; (2) intentional interference with the contracts;[1] and (3) breach of the "second contract" dating to 2011.  (Doc. 17).

---

[1] Plaintiff concedes that this claim is time barred.  (Doc. 27 at 3).  Accordingly, Plaintiff's claim for intentional interference with contracts is dismissed as a matter of law.

## II.  UNDISPUTED FACTS[2]

1. In its second request for production of documents, Defendant stated: "Please provide *legible copies* of any of the first and second contracts that form the basis of Plaintiff's Breach of Contract claim under Count III of Plaintiff's complaint." Plaintiff responded: "Attached."

2. The attachments consist of three documents (Doc. 25-3 at 6-30): a "Consulting Services Agreement" involving "Alex Group, LLC" (*Id.* at 7-13); an unsigned letter dated July 1, 2007 (*Id.* at 14, 15); and a "Proposal to Catholic Healthcare Partners," dated April 18, 2011 (*Id.* at 16-30).

3. The 2011 "second contract" is the "Proposal to Catholic Healthcare Partners." (Doc. 17 at ¶¶ 17-18, 25).

4. The Fictitious Name Registration made with the Ohio Secretary of State on March 1, 2016 identified the Registrant for "3LI Consultant Group" to be Larry Laymon, individually.

5. Management Health Solutions, Inc. is a corporation which has not registered with the Ohio Secretary of State. (Doc. 25-1).

6. The only document Plaintiff has produced in support of the first contract is an unsigned, two-page letter.[3]  (Doc. 25-3 at 14-15). Nowhere in that letter does the name "3LI Consultant Group" appear.

7. The second page of the unsigned letter states:

    > **NOTICES**: All notices to 3LI, Inc. will be sent to:
    > 3LI, Inc.
    > 498 Bell Road, Suite A
    > Nashville, TN 37214

8. "3LI, Inc." is not presently registered with the Ohio Secretary of State. (Doc. 25-2 at 15).

---

[2]  *See* Docs. 26 and 27-1.

[3] Plaintiff admits this statement, but alleges that its copy of the first contract was destroyed when Plaintiff's server was destroyed in a 2010 flood. (Doc. 25-3 at 39).

### III. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### IV. ANALYSIS

#### A. The "First Contract"

Plaintiff alleges that in 2007, the parties entered into a contract which was amended on July 1, 2007 and that Defendant breached the amended contract when it refused to pay Plaintiff at the new rate of $165 per hour. (Doc. 17 at ¶¶ 12-13, 24).

As to the "first contract," Plaintiff concedes that the sole document relevant to this claim is a July 1, 2007 <u>letter</u> — an <u>unsigned</u> 2-page letter which does not even reference 3LI Consultant Group.[4] (Doc. 27-1 at ¶ 17). Plaintiff maintains that the original of the first contract was destroyed when Plaintiff's server was flooded in 2010. (Doc. 27 at 3).[5] While the unsigned letter provides information about the facts of the parties' business relationship, it is not even purported to be the "first contract." Furthermore, Plaintiff 3LI Consultant Group (*i.e.*, Larry Laymon the individual)[6] is not the same as 3LI, Inc.[7] As a matter of law, Plaintiff 3LI Consultant Group (Larry Laymon) may not sue upon a "contract" to which it is not a party.[8] *W. Clermont Educ. Ass'n v. W. Clermont Bd. of Educ.*, 426 N.E.2d 512, 514 (Ohio 1980).

---

[4] The letter provides that: "All notices to 3LI, Inc. will be sent to 3LI, Inc." (Doc. 25-3 at PageID 132).

[5] Plaintiff requested that Defendant produce a copy of the first contract, but defense counsel does not have a copy of the contract.

[6] From 2006 to August 4, 2009, 3LI Consultant Group ("3LI") was a sole proprietorship owned by Larry Laymon. From August 4, 2009 to August 8, 2010, 3LI was registered with the State of Tennessee as a Limited Liability Company. During the time 3LI was an LLC, the only two members were Mr. Laymon and his wife, Erma Laymon. From August 8, 2010 to the present, 3LI has been a sole proprietorship owned by Larry Laymon. (Doc. 15 at 1-2; Ex. 1 at ¶¶ 1-7).

[7] 3LI, Inc. is not registered with the Ohio Secretary of State. (Doc. 26 at PageID 160; Doc. 27-1 at 2). "A person doing business under an unregistered fictitious name lacks the legal capacity to sue." *Buckeye Foods v. Cuyahoga Cty*, 678 N.E.2d 917, 919 (1997).

[8] To be afforded consideration of the legal merits of a claim, the person seeking relief must first establish standing to sue. *Ohio Contractors Assn. v. Bicking*, 643 N.E.2d 1088, 1090 (Ohio 1994).

Plaintiff argues that there has not been any opportunity thus far to hear testimony from the parties as to the contents of the alleged first contract, so the Court should defer reaching the merits of this issue pursuant to Rule 56(d),[9] until the necessary depositions can be obtained.[10]

While Mr. Laymon offers an affidavit, it is not directed to the Rule 56(d) issue. (*See* Doc. 27-2). Under Rule 56(d), in the absence of an affidavit giving specific reasons and explaining why a plaintiff cannot put forward relevant facts, no delay is required. *See, e.g., Vance v. United States*, 90 F.3d 1145, 1148-1149 (6th Cir. 1996).[11] Moreover, Plaintiff's breach of contract claim does not arise from the "first contract" (which the Plaintiff cannot produce and Defendant does not have), but from the "new terms" Defendant allegedly entered into on July 1, 2007 via the unsigned letter. (Doc. 17 at ¶ 13). Accordingly, the contents of the first contract are irrelevant.

---

[9] If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

[10] The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994). The non-movant bears the obligation to inform the district court of his need for discovery. *Vance v. United States,* 90 F.3d 1145, 1149 (6th Cir. 1996). Before a summary judgment motion is decided, the non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) which details the discovery needed, or file a motion for additional discovery. *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). If he does neither, "this court will not normally address whether there was adequate time for discovery." *Id.*

[11] *See also Lane v. Wexford Health Sources*, 510 F. App'x 385 (6th Cir. 2013) ("Because Lane failed to satisfy the requirements of Rule 56(d), the district court was under no obligation to allow additional discovery pertaining to his medical records before granting summary judgment").

Therefore, Plaintiff's breach of contract claim regarding the first contract fails as a matter of law.

### B. The "Second Contract"

The second contract was executed by Catholic Health Partners and Management Health Solutions, Inc. ("MHS"). (Doc. 25-3 at PageID 138).[12] The contract clearly identifies the contracting party as Management Health Solutions, Inc., and Mr. Laymon (the signatory) identifies himself as the CEO of Management Health Solutions, Inc. (*Id.*) Accordingly, Plaintiff 3LI Consultant Group is not a party to the contract.

Mr. Laymon claims that he never had the capacity to sign for MHS and that there must have been a clerical error because 3LI was the contracting party. (Doc. 27-2 at ¶¶ 5-6). Specifically, Mr. Laymon maintains that at the time the contract was signed, all parties knew or should have known that he was signing on behalf of 3LI and not MHS. (*Id.* at ¶ 7). Plaintiff notes that 3LI is referenced multiple times throughout the body of the contract, and, therefore, Defendant should have recognized the mistake. (Doc. 25-3 at PAGEID 138). However, MHS is also referenced throughout the document. (*Id.*)

Review of the second contract evidences that it was a "proposal" submitted to the Defendant. (Doc. 25-3 at PageID 133). MHS's contact information is written in the

---

[12] Plaintiff alleges that the second contract "was to last for three years from 2011 to 2013." (Doc. 17 at ¶ 18). The statute of frauds requires any agreement which will not be completed within one year to be in writing and signed by the party to be bound by the agreement. Ohio Rev. Code § 1335.05. Accordingly, a three-year contract requires a written contract to survive Ohio's statute of frauds. *Id.*

margin of the first page of the proposal, indicating that the second contract was not drafted by the Defendant. (*Id.*) Mr. Laymon concedes that he signed the second contract, and that "Management Health Solutions was a company that 3LI partnered with in fulfilling the obligations under various contracts." (Doc. 27-2 at ¶¶ 4, 6).

Parties to contracts are presumed to have read and understood the terms, and a signatory is bound by a contract that he willingly signed. *Preferred Capital, Inc. v. Power Eng'g Group, Inc.*, 860 N.E.2d 741, 745 (Ohio 2007). A party cannot avoid the terms of a contract due to an alleged unilateral mistake resulting from his own negligence. *Shanker v. Columbus Warehouse P'ship*, No. 96APE09-1269, 1997 Ohio App. LEXIS 1241, at *11-12 (Ohio App. Mar. 31, 1997). "A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended when he could have known the truth by merely looking when he signed." *McAdams v. McAdams*, 88 N.E. 542, 544 (Ohio 1909).

3LI Consultant Group (and Larry Laymon) cannot sue upon a contract to which Management Health Solutions, Inc. is the contracting party. Plaintiff lacks standing to bring a breach of contract claim where it is not a signatory to the contract it seeks to enforce.[13] Accordingly, Plaintiff's breach of contract claim regarding the second contract fails as a matter of law.

---

[13] As stated by Judge Boyko in a case brought by Taj Nachar: "Plaintiff also asserts a breach of contract claim based upon the TMP. The TMP is a document which bears the name and signature of only John Nachar. As such, Plaintiff lacks standing to assert breach of contract claims based upon an agreement to which she was not a party." *Nachar v. PNC Bank*, 901 F. Supp.2d 1012, 1019 (N.D. Ohio 2012).

7

## V. CONCLUSION

Wherefore, for these reasons, Defendant's motion for summary judgment (Doc. 25) is **GRANTED**.  The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date:  4/19/16 　　　　　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge