UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| 3LI CONSULTANT GROUP, | : | Case No. 1:15-cv-455 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CATHOLIC HEALTH PARTNERS, | : | |
| Defendant. | : | |

**ORDER: (1) DENYING DEFENDANT'S MOTION TO STRIKE (Doc. 34); and
(2) DENYING PLAINTIFF'S
MOTION TO AMEND OR ALTER JUDGMENT (Doc. 31)**

This civil action is before the Court on: (1) Defendant's motion to strike (Doc. 34), and Plaintiff's responsive memorandum (Doc. 35); and (2) Plaintiff's motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 31), and the parties' responsive memoranda (Docs. 32, 33).

I. PROCEDURAL POSTURE

On April 19, 2016, this Court granted Defendant's motion for summary judgment, effectively terminating the case. (Doc. 29). In granting summary judgment, this Court found that "as a matter of law, Plaintiff 3LI Consultant Group (Larry Laymon) may not sue upon a 'contract' to which he is not a party." (*Id.* at 4). Plaintiff requests that the Court take notice of Defendant's judicial admissions (the Answer), and reconsider its Order granting summary judgment.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. The Sixth Circuit has determined, however, that a motion to alter or amend judgment may be granted only: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *Wells Fargo Bank v. Daniels*, No. 1:05cv2573, 2007 U.S. Dist. LEXIS 80694, at *1 (N.D. Ohio Oct. 22, 2007). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).[1]

## III. ANALYSIS

### A. Motion to Strike

First, Defendant moves to strike Plaintiff's reply memorandum because it argues new issues. The Court can disregard arguments that are made for the first time in a reply brief. *Baker v. Union Twp.*, Ohio, No. 1:12cv112, 2013 U.S. Dist. LEXIS 119475, at *13

---

[1] *See also U.S. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1988) (motions for reconsideration are not intended to "regurgitate arguments previously presented or present[ing] arguments which originally could have been argued.").

2

(S.D. Ohio Aug. 22, 2013) ("An issue raised for the first time in a reply brief has not been fully briefed, and thus, is not appropriate for a decision.").[2]

Specifically, Defendant argues that Plaintiff raises two new issues in its memorandum: (1) Defendant ratified the contracts; and (2) Plaintiff gave Defendant a benefit. Plaintiff maintains that both of these issues were raised in its original motion. While the Court finds that Plaintiff's arguments are new, the Court declines to strike the memorandum. Rather, since the issues were never raised at summary judgment, Plaintiff is precluded from raising them now. *See, e.g., Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1988) (the purpose of a motion to alter or amend judgment is to have the court reconsider matters "properly encompassed in a decision on the merits.").

B.  **Motion to Alter Judgment**

Plaintiff claims that the Court appears to have heavily based its finding that it was not a party to the agreement on Defendant's argument that the name "3LI, Inc." was used in the letter of agreement and Plaintiff 3LI Consultant Group (i.e., Larry Laymon the individual) is not the same as 3LI, Inc. However, Plaintiff argues that Defendant previously admitted in its Answer that Plaintiff was a party to the agreement:

> 9. Mercy denies the allegations in paragraph 9 of Plaintiff's complaint, but admits it executed a contract with 3LI on July 1, 2007 with a $165 an hour rate up to a maximum of 4600 hours. The rest of the terms of that contract speaks for itself.

(Doc. 2 at ¶ 9).

---

[2] *See also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (new arguments are not appropriate in a reply brief and, thus, defendants have waived their new arguments).

Similarly, the Court relied on Defendant's argument that, because Larry Laymon's signature appeared under the signature block heading "Management Health Solutions," 3LI/Larry Laymon was not a party to the agreement. However, Plaintiff argues that Defendant previously admitted in its Answer that Plaintiff was, in fact, a party to the agreement and that Defendant had made several payments to Plaintiff related to that agreement:

> 13. Mercy denies the allegations in paragraph 13 of Plaintiff's complaint, but admits the parties executed a contract in April 2011 in regard to clinical inventory valuation.
>
> 14. Mercy denies the allegations in paragraph 14 of Plaintiff's complaint, but admits the parties had a contract for inventory valuation wherein 3LI could cultivate business with Mercy that could achieve up to $431,000. No guarantees existed.

(Doc. 2 at ¶¶ 13-14).

First, Plaintiff's argument is not appropriate for a motion to alter judgment. To constitute "newly discovered evidence," the evidence must have been previously unavailable. *Gencorp v. American Intl. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).[3] The Answer, which was already in the record, cannot be deemed "newly discovered evidence" and cannot be used to re-litigate facts and issues previously considered by the Court.

---

[3] *See also Daniel v. DFS Servs.*, No. cv-10-0179, 2011 U.S. Dist. LEXIS 41859, at *4-5 (D. Ariz Apr. 15, 2011) ("[U]nder the guise of offering new facts, Plaintiff offers additional details that were contained within the exhibits attached to her Response to Defendant's Motion. The facts Plaintiff now offers were fully available to her at the time of her Response, as they were attached to that very document. However, Plaintiff failed to specifically reference in her Response those portions of the record she now presents for reconsideration. Because the facts are not 'newly discovered' as contemplated by Rule 59(e), the Court will not now consider them.").

Regardless, the fact that Defendant conceded that it had entered into an agreement with a Tennessee corporation named 3LI does not change the Court's conclusion that the so-called "Second Contract" was entered into by Management Health Solutions, Inc. Whether there was a contract entered into by Management Health Solutions, Inc. (or Tennessee corporation 3LI), it does not change the fact that Plaintiff, as it currently presents itself to the Court, is a trade name for Larry Laymon, a sole proprietorship, and Larry Laymon has only presented a contract to which he is not a party. The Answer simply confirms that Defendant entered into an agreement with a corporation named 3LI. These facts do not help Larry Laymon, d/b/a "3LI" prove his individual claim.

## IV. CONCLUSION

Accordingly, for these reasons:

(1) Defendant's motion to strike (Doc. 34) is **DENIED**; and

(2) Plaintiff's motion for reconsideration (Doc. 31) is **DENIED**.

**IT IS SO ORDERED.**

Date: 7/13/16

*Timothy S. Black*
Timothy S. Black
United States District Judge